**Winston HENVILL, Plaintiff–Appellant,**

v.

**METROPOLITAN TRANSPORTATION AUTHORITY, John D'Agostino, Kathleen Finneran, Joseph Pugliese, Steve Guardino, Ricky Smith, Kevin Kieran, Alexander Lindsay, Chrisopher Nutter, and Michael Yasso, Defendants–Appellees.**

No. 14–2870–cv.

United States Court of Appeals, Second Circuit.

April 20, 2015.

Alan E. Wolin, Wolin & Wolin, Jericho, NY, for Appellant.

Gregory B. Gilmore, Gonzalez Saggio & Harlan LLP, New York, NY, for Appellees.

Present: DENNIS JACOBS, RAYMOND J. LOHIER, JR., Circuit Judges, FRANK P. GERACI, JR.,*

---

* Chief Judge Frank P. Geraci, Jr., of the United States District Court for the Western District  of New York, sitting by designation.

District Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the July 14, 2014 judgment of the District Court is AFFIRMED and the October 10, 2014 judgment of the District Court is AFFIRMED IN PART and VACATED AND REMANDED IN PART.

Winston Henvill appeals from the District Court's July 14, 2014 judgment granting the motion of the Metropolitan Transportation Authority ("MTA") and nine MTA employees to dismiss his employment discrimination complaint, and from the District Court's October 10, 2014 judgment denying Henvill's request for leave to amend the complaint. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and vacate and remand in part.

On appeal, Henvill makes no arguments regarding the District Court's grant of Defendants' motion to dismiss. Accordingly, he has abandoned any challenge to that ruling. *See Jackler v. Byrne*, 658 F.3d 225, 233 (2d Cir.2011).

As for Henvill's request for leave to amend, which the District Court denied on the ground that the proposed amended complaint ("PAC") would not survive a motion to dismiss, we affirm the ruling as to most of Henvill's Title VII claims. Henvill's claims based on incidents that occurred between 2008 and October 2010 are time-barred, and the PAC fails plausibly to allege a "continuous practice and policy of discrimination." *Washington v. Cnty. of Rockland*, 373 F.3d 310, 317 (2d Cir.2004) (quotation marks omitted). We also affirm the denial of Henvill's motion to amend his hostile work environment claims. *See Nat'l R.R. Passenger Corp. v.*

*Morgan*, 536 U.S. 101, 116, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). In addition, we agree that the PAC fails to allege any facts making it plausible that the MTA's denial of training, the January 2012 notice of intent to discipline, or the threat of discipline against Henvill created a "materially adverse change in the terms and conditions of employment." *Galabya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000) (quotation marks omitted); *see* PAC ¶¶ 47, 53–54. Nor does the PAC plausibly claim that the MTA, by verbally counseling Henvill and requiring him to go to Internal Affairs and write two memoranda, acted in a way that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 25 (2d Cir.2014) (quotation marks omitted); *see* PAC ¶¶ 48–51. Finally, the PAC fails to allege sufficient facts giving rise to a plausible claim that the command discipline issued by Sergeant Steve Guardino, the letter of instruction issued by Captain Kevin Kieran, and the March 2012 disciplinary action prohibiting Henvill from issuing summonses were because of Henvill's race and color. *See E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir.2014); *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 229 (2d Cir. 2014); PAC ¶¶ 44, 52.

However, the District Court erred in denying Henvill's request for leave to amend as it pertained to the race-based discrimination claim regarding the command discipline issued by Lieutenant Lee Dittrich and the retaliation claim regarding the removal of Henvill's summons-issuing responsibilities. *See* PAC ¶¶ 45–46, 52. The alleged effects of the command discipline plausibly constitute a "material loss of benefits," *Demoret v. Zegarelli*, 451 F.3d 140, 151 (2d Cir.2006) (quotation marks omitted), and, allegedly, specific white officers who committed overtime violations comparable to Henvill's were not

disciplined. And the PAC plausibly claims that shortly after Henvill filed his first charge with the EEOC, the MTA stripped Henvill of a "material part of [his] duties and responsibilities" as a transit police officer by prohibiting him from issuing summonses, PAC ¶ 52, a change in duties that may well have been "materially adverse to a reasonable employee," *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 57, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006).

We have considered all remaining arguments and conclude that they are without merit. For the foregoing reasons, we AFFIRM the District Court's July 14, 2014 judgment, AFFIRM in part and VACATE in part the District Court's October 10, 2014 judgment, and REMAND for further proceedings consistent with this order.